Christine R. BROWN *v.* ST. VINCENT
INFIRMARY, Garnishee

79-120                                          587 S.W. 2d 7

Opinion delivered September 24, 1979
(Division II)

*Cearley, Gitchel, Bogard, Mitchell & Bryant,* for appellant.

*J. Gayle Windsor, Jr.,* for appellee.

CONLEY BYRD, Justice. Appellant Christine R. Brown obtained a judgment against James Brown, Jr. in a divorce proceeding for past due child support in the amount of $1450. On September 12, 1978, appellant served a writ of garnishment on her ex-husband's employer, St. Vincent Infirmary. The return on the writ of garnishment states that it was served upon Lou Hillie. However, the proof shows that St. Vincent Infirmary employs 6 people to answer writs of garnishment on its employees (James Brown, Jr. had had about 20 other writs of garnishment filed against him). Mr. Lou Hillie had been hospitalized shortly prior to the day the writ was served with a severe case of emphysema and never did return to work. One other female employee, in the section where garnishments were handled, was away ill on the day of service. Of the other four employees none were competent to take care of the incoming garnishments in Mr. Lou Hillie's absence. The writ of garnishment served by appellant was placed in Mr. Hillie's desk drawer and was not discovered until about October 6, 1978. On that date a response was filed in the Pulaski Circuit Clerk's office purely because the employees were used to handling such writs with the Pulaski Circuit Court. It was not until October 9, 1978 that a response was filed with the Chancery Clerk in this divorce proceeding. Because of the writ of garnishment, St. Vincent Infirmary had withheld $63.68 from James Brown's wages on September 29, 1978.

Based upon the foregoing record appellant moved for judgment against St. Vincent Infirmary for $1450. The trial court ruled, however, that the circumstances showed ex-

cusable neglect within the meaning of Ark. Stat. Ann. § 29-401 (Repl. 1962), with respect to a garnishee (employer). We agree with the trial court and affirm.

We agree: HARRIS, C.J., and HOLT and PURTLE, JJ.